United States District Court
Middle District of Florida
Jacksonville Division

**HEATHER VALENTINE,**

 *Plaintiff,*

V.                 No. 3:16-CV-414-J-32PDB

**PHYSICIANS GROUP SERVICES, P.A.,**

 *Defendant.*

---

# Order

 In this putative collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201–19, the plaintiff alleges the defendant failed to pay her overtime wages as required. Doc. 1. Before the Court is the defendant's motion to compel her to produce her calendars and coordinate with the defendant's counsel to schedule her continued deposition and award expenses incurred in preparing and filing the motion. Doc. 16. She has not responded to the motion, and the time for doing so has passed.

 Federal Rule of Civil Procedure 1 provides that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The addition of "and the parties" places shared "responsibility to employ the rules in the same way." Fed. R. Civ. P. 1, Advisory Comm. Notes (2015 Amend.). "Effective advocacy is consistent with—and indeed depends upon—cooperative and proportional use of procedure." *Id.*

 Federal Rule of Civil Procedure 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). It further provides that a party who has responded to a request for production "must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Federal Rule of Civil Procedure 37 provides that a party "seeking discovery may move for an order compelling an answer, designation, production, or inspection … [if] a party fails to answer an interrogatory submitted under Rule 33 … [or] fails to produce documents … as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). It further provides that if a court grants a motion to compel discovery, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i−iii). Nondisclosure, a response, or an objection is substantially justified if reasonable people could differ on its appropriateness. *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997).

On July 26, 2016, the defendant served the plaintiff with requests for production. Doc. 16 at 2; Doc. 16-1 ¶ 10; Doc. 16-3. Among them were requests for "[a]ny and all documents that evidence the time Plaintiff claims to have actually worked but was not paid all remuneration" (request 13) and "any and all documents that relate to, bear upon[,] or provide evidence relating to Plaintiff's response to the Court's Interrogatory No. 6(c) that Plaintiff worked five (5) hours of over-time per

week" (request 17). Doc. 16 at 2; Doc. 16-3 at 6–7. For the former request, she responded she had no such documents other than what she had already produced. Doc. 16-4 at 4. For the latter request, she directed the defendant to a log of hours worked. Doc. 16-4 at 5. She produced 402 pages of documents, which included two versions of a document purporting to show the amount of overtime she worked each week (to the minute) and whether she received regular or overtime pay for that time. Doc. 16 at 2.

On November 4, 2016, the defendant deposed the plaintiff. Doc. 16 at 3. She testified she had kept a "contemporaneous record" of the hours she worked on calendars she had not produced in response to the requests for production, and she had relied on those calendars to create the log she had referenced in her response to the requests for production. Doc. 16 at 3. The defendant's counsel asserted the calendars were responsive to the requests for production, and the plaintiff agreed to produce them by November 25, 2016. Doc. 16 at 3. The parties agreed to continue her deposition. Doc. 16 at 3.

On November 22, 2016, the defendant's counsel sent an e-mail requesting assurances that the plaintiff's counsel would produce the calendars and dates to continue the deposition, but the plaintiff's counsel did not respond. Doc. 16 at 3. On November 29, the defendant's counsel sent a letter renewing those requests, stating, "Please provide the calendars to me by close of business on November 30, 2016, or I will file a motion to compel." Doc. 16 at 3; Doc. 16-7. The plaintiff's counsel again did not respond. Doc. 16 at 3.

The calendars respond to the defendant's requests for production; they relate to the plaintiff's claim; and she knew she had not produced them at least as early as when the defendant's counsel informed her counsel of that fact. Because she was required to supplement her responses to the defendant's requests for production with the calendars, compelling her to produce them is warranted. Her counsel also must

3

work with the defendant's counsel to coordinate dates for the continuation of her deposition.[1]

The Court **grants** the defendants' motion to compel, Doc. 16; **directs** the plaintiff, by **January 13, 2017**, to produce the calendars she referenced in her November 4, 2016, deposition that she has not already produced; and **directs** her counsel, by **January 13, 2017**, to provide the defendant's counsel with three dates from now until **February 3, 2017**, on which she and her counsel are available to continue the deposition.

Because the Court grants the defendant's motion to compel, it must, after giving the plaintiff an opportunity to be heard, require her or her counsel to pay the defendant's "reasonable expenses" incurred in bringing the motion. *See* Fed. R. Civ. P. 37(a)(5)(A). The Court **orders** the plaintiff, by **January 20, 2017**, to show cause, if any, why the Court should not require her or her counsel to pay the defendant's reasonable expenses incurred in bringing the motion to compel. Alternatively, her counsel may confer with opposing counsel to resolve the issue of expenses and inform the Court by that date whether they have resolved it.

**Ordered** in Jacksonville, Florida, on January 9, 2017.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record

---

[1] "An attorney is expected to accommodate the schedules of opposing counsel. In doing so, the attorney should normally pre-arrange a deposition with opposing counsel before serving the notice. If this is not possible, counsel may unilaterally notice the deposition while at the same time indicating a willingness to be reasonable about any necessary rescheduling." Middle District of Florida Discovery Handbook, § II.A.1.